

# THE ATTORNEY GENERAL
## OF TEXAS

February 15, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. (JM-856)

Re:  Whether a sheriff may use his officeholder or campaign funds to pay or reimburse cash shortages in his official account (RQ-1070)

Dear Mr. Driscoll:

You state that a cash shortage of $1,500 occurred in the bonding section of the Harris County Sheriff's office. You also state that at the request of the county auditor to account for the shortage, the sheriff used his personal funds to replace the missing cash. You ask whether the sheriff may use his campaign or officeholder contributions to reimburse himself for this use of his personal funds or whether his political contributions could have been used originally to replace the missing cash.

Title 15 of the Texas Election Code regulates political funds and campaigns. Restrictions on political contributions and expenditures are found in chapter 253 of the Election Code. Section 253.035(a) of the Election Code prohibits the conversion to personal use of political contributions accepted on or after September 1, 1983.[1] "Personal use" is defined by Election Code section 253.035(d) as follows:

> (d)  In this section, 'personal use' means use that primarily furthers individual or family purposes not connected with the performance of duties or activities as a

---

1.  This opinion assumes that the political funds from which the payment or reimbursement would be made were accepted on or after September 1, 1983. There did not exist any personal use restriction on political contributions before that date.

candidate for or <u>holder of a public office.</u>
<u>The term does not include</u>:

(1) <u>payments made to defray ordinary and</u>
<u>necessary expenses incurred in connection</u>
<u>with activities as a candidate or in connec-</u>
<u>tion with the performance of duties or</u>
<u>activities as a public officeholder</u>, in-
cluding payment of rent, interest, utility,
and other reasonable housing or household
expenses incurred in maintaining a residence
in Travis County by members of the legisla-
ture who do not ordinarily reside in Travis
County; or

(2) payments of federal income taxes due
on interest and other income earned on
political contributions. (Emphasis added.)

The reimbursement of personal funds from political
contributions is permissible, if the original disbursement
was for campaign or officeholder purposes. Election Code
§253.035(h).[2] The sheriff's use of political funds to
replace a cash shortage in an official account or to
reimburse himself for such a payment is prohibited if the
disbursement of political funds is considered a personal
use. A civil sanction is imposed by Election Code section
253.035(f) for a conversion in violation of the personal
use restriction.

Before we can determine whether the payment or
reimbursement from political contributions is permissible,
we must establish the sheriff's statutory duties in regard
to the money in his official account. Article 17.02 of
the Code of Criminal Procedure defines bail bond as
follows:

A 'bail bond' is a written undertaking
entered into by the defendant and his
sureties for the appearance of the principal
therein before some court or magistrate to
answer a criminal accusation; provided,
however, that the defendant upon execution

---

2. Your request does not suggest that any campaign
purpose was involved in the transaction; therefore, we
will consider your question only in the context of
officeholder purposes.

> of such bail bond may deposit with the
> custodian of funds of the court in which the
> prosecution is pending current money of the
> United States in the amount of the bond in
> lieu of having sureties signing the same.
> Any cash funds deposited under this Article
> <u>shall be receipted for by the officer
> receiving the same and shall be refunded to
> the defendant if and when the defendant
> complies with the conditions of his bond,
> and upon order of the court</u>. (Emphasis
> added.)

A sheriff's authority to take a bail bond in a misdemeanor case is found in article 17.20 of the Code of Criminal Procedure, which states:

> The sheriff, or other peace officer, in
> cases of misdemeanor, may, whether during
> the term of the court or in vacation, where
> he has a defendant in custody, take of the
> defendant a bail bond.

In addition to the issuance of receipts required by the Code of Criminal Procedure, article 17.02, <u>supra</u>, the sheriff may be required by article 17.39 of the Code of Criminal Procedure to keep a detailed record of each bail transaction. That article provides:

> A magistrate or other officer who sets
> the amount of bail or who takes bail shall
> record in a well-bound book the name of the
> person whose appearance the bail secures,
> the amount of bail, the date bail is set,
> the magistrate or officer who sets bail,
> the offense or other cause for which the
> appearance is secured, the magistrate or
> other officer who takes bail, the date the
> person is released, and the name of the
> bondsman, if any.

You do not indicate in your request letter whether the Harris County Sheriff keeps the record contemplated by this provision. However, we do understand that the cash shortage was discovered as a result of discrepancies between the cash on hand and copies of the receipts for cash issued pursuant to article 17.02 of the Code of Criminal Procedure, <u>supra</u>.

Before beginning to perform the duties of his office, a person elected as sheriff must take an oath and execute

a bond. A failure to take the oath and to execute the bond in a timely manner renders the office of sheriff vacant. Local Gov't Code §85.001. Among the statutory conditions of the mandatory bond are the sheriff's faithful performance of the duties of office established by law and the sheriff's accounting for and paying to persons authorized to receive them the fines, forfeitures, and penalties the sheriff collects for the use of the state or a county. Local Gov't Code §85.001(b).

We understand that the cash shortage in Harris County is attributable not to the sheriff personally but to one of his deputies. This fact is of no legal consequence, because the sheriff is statutorily responsible for the official acts of a deputy. Local Gov't Code §85.003(d). The sheriff may require a deputy to execute a bond or other security, and the sheriff has the same remedies against a deputy and his sureties as any other person has against the sheriff and the sheriff's sureties. Id.

In Attorney General Opinion H-751 (1975), this office was asked about the liability of a sheriff and his bonding company for shortages of fines and cash bonds. The opinion relied on former article 6870, V.T.C.S. (now codified as Local Gov't Code §85.003(d)), to find a sheriff liable for the misappropriation of cash bonds and fines collected by his deputies. The sheriff's bonding company was also liable for the loss discussed in Attorney General Opinion H-751:

> Concerning the liability of the bonding company, the general rule is that '[i]n order to hold such a surety, there must be a violation of the condition of the bond.' Aetna Casualty & Surety Co. v. Clark, supra, at 80. Since the accounting for fines is an express condition of the bond, and since the accounting for bail bonds is a duty required of sheriffs by law and thus also a condition of the bond, in our opinion the surety would be liable for the failure of the sheriff to account for these funds whether or not the failure to account is due to a deputy.

Attorney General Opinion H-751 (1975). See also Attorney General Opinion JM-517 (1986) (the commissioners court and county auditor may not relieve a justice of the peace of liability for shortages of public money received by the justice); Attorney General Opinion H-360 (1974) (district clerk liable for disappearance of trust funds in clerk's possession).

Thus, among a sheriff's statutory duties are the execution of a bond to account for funds he collects; refunding a defendant's bond money upon the defendant's compliance with the conditions of his bond; liability for the official acts of his deputies; and the faithful performance of his duties. In our opinion, a cash shortage in an official account reflects a failure on the part of the sheriff or his deputy to perform his duties in accordance with law. The sheriff and his sureties may be sued for any shortage.

Your request indicates that the sheriff has an agreement with his bonding company that he may be sued by the company for any payments made by the sheriff on the sheriff's bond. As you describe it, the sheriff is in a position of personal liability to his bonding company for any loss it sustains on the sheriff's behalf.

The sheriff of Harris County is responsible for the supervision of hundreds of employees. In our view, he cannot realistically personally supervise every act of every one of those employees. Proper accounting for those funds clearly seems to be an "ordinary and necessary expense" of office. In our opinion, a payment or reimbursement from the sheriff's political fund account for the purposes described here would not constitute a diversion to "personal use," as defined in section 253.035(d). We believe that such an expenditure for the purposes described herein would be a "payment made to defray ordinary and necessary expenses incurred in connection with the performance of duties or activities as a public officeholder."

## S U M M A R Y

A sheriff may use his campaign or office-holder contributions to pay or reimburse cash shortages in his official account. The use of political funds for this purpose would not violate the personal use restriction of section 253.035 of the Election Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

p. 4144

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General